**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2019-0253, <u>State of New Hampshire v. Thabiti Hill</u>, the court on July 11, 2019, issued the following order:**

Having considered the memoranda of law and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The State appeals a decision of the Superior Court (<u>Houran</u>, J.), granting the defendant, Thabiti Hill, release pending trial in the circuit court on certain misdemeanor charges, following the defendant's <u>de novo</u> appeal of a decision of the Circuit Court (<u>Donovan</u>, J.) that had placed him in preventative detention without bail. <u>See</u> RSA 597:2, :6-e, II (Supp. 2018). Although the superior court found both that the defendant poses a flight risk and that his release will endanger his safety and the safety of the public, it determined that restrictive conditions would address those concerns. Accordingly, it granted the defendant release on an unsecured appearance bond of $10,000 and certain restrictive conditions. On appeal, the State argues that the superior court erred by construing RSA 597:2 so as to require that it consider conditions of release after it determined that the State had established that the defendant posed a risk of flight and was a danger.[1]

It is a longstanding rule that parties may not have review on appeal of issues that were not raised in the trial court. <u>See</u> <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004). The purpose of this rule is to give the trial court an opportunity to correct any errors it may have made before those alleged errors are presented for review on appeal. <u>State v. Mouser</u>, 168 N.H. 19, 26 (2015). To preserve an issue that could not have been raised prior to the trial court's decision, it is incumbent upon the appealing party to raise the issue in a motion for reconsideration. <u>Id</u>. at 27; <u>see</u> <u>N.H. R. Crim. P.</u> 43(a).

In arguing that the superior court misinterpreted RSA 597:2 to require that it consider whether conditions of release might address the State's concerns after determining that the State had met its burden of proof, the State relies heavily upon the following statements of the superior court:

---

[1] We note that the argument in the State's memorandum of law is slightly different than the issue presented in its notice of appeal. In its notice of appeal, the State framed the issue on appeal as follows: "Whether, after finding that the defendant presented both a risk of flight and danger to the community, it was nevertheless within the court's discretion to release him."

It's a two-part analysis that I need to perform. Part one, has the State met its burden of proof, and if so, part two is whether there are, nonetheless, terms and conditions which could address the concerns that lead to that finding.

That is where I am here. [The State] has met its burden of proof . . . .

. . .

So part two of the analysis is whether there are conditions which can address those [concerns]. My answer is yes. . . .

. . .

And then, finally, and I stress this, if you violate [the conditions] in any way . . . , at that point bail is revoked . . . . That's a violation of the bail order. I have the authority to impose that and it's the alternative I have other than agreeing with the State that you should be held. That's the way I make sure that you're here; that's the way I protect the public because I do share the State's concern. But under the new bail statute, since there are terms and conditions which address the issues the State's raised, I'm obligated to give them a try and give you a chance to make this work.

At no point after the trial court made these statements did the State object on the basis that, under RSA 597:2, the trial court was not required to consider restrictive conditions of release. Nor did it move for reconsideration on that basis, or otherwise argue that it was not within the trial court's discretion to release the defendant with restrictive conditions after finding that he posed a risk of flight and danger to the community. Under these circumstances, we conclude that the State's argument is not preserved.

Affirmed.

Lynn, C.J., and Hicks, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,**
**Clerk**

2